(139 App. Div. 368.)

### NORDSTROM et al. v. MOREHOUSE et al.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

1. EJECTMENT (§ 108*)—DISMISSAL—ISSUES.

In ejectment, a dismissal of the complaint because a certain fence which defendants had torn down was on the boundary line, and therefore the offense was trespass, so that no ouster was shown, was error, in view of plaintiffs' claim that they had been ousted from a certain lot, and defendants' admission of it.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 316; Dec. Dig. § 108.*]

2. BOUNDARIES (§ 48*)—ACQUIESCENCE—IRREGULAR FENCE—STRAIGHTENING UP.

Although the boundary line of a fence has been acquiesced in for 20 years, if the fence by reason of the slope of the ground has sagged and become irregular, it may be straightened with a new fence; but only in these minor particulars can the line be changed.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 232–242; Dec. Dig. § 48.*]

Appeal from Trial Term, Warren County.

Ejectment by Carl J. Nordstrom and another against Harvey Morehouse and another. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Thomas McArthur, for appellants.

Jenkins, Kellogg & Barker (J. H. Barker, of counsel), for respondents.

SMITH, P. J. In the complaint in the action plaintiffs claim title and right to possession to lot 21 in a patent granted to James Abeel August 14, 1786, excepting, however, a piece of land of 50 acres off the west end of said lot and a piece of land supposed to contain 1 acre from the southwest corner of said lot. It is further alleged that on and prior to the 11th of November, 1908, the plaintiffs were in possession of said premises, and the defendants entered into and ousted the plaintiffs from a portion of the said premises, to wit:

"A strip along on the southerly side thereof, being 50 links on the east side of lot 21, and gradually tapering as it extends westerly so as to include approximately six-tenths of an acre."

It is alleged that defendants so entered upon and ousted plaintiffs from said strip, claiming a right thereto, tore down a fence which plaintiffs had caused to be built along a portion of the southerly side of said lot 21, and also tore down a portion of fence along the highway on said strip which the plaintiffs had caused to be built, and cut down some trees. The complaint demands possession of said premises, with $100 damages and costs of the action. In the answer the defendants—

"admit that on and prior to the 11th day of November, 1908, the plaintiffs were possessed of certain premises northerly of the strip of land which it is alleged in the complaint the defendants ousted the plaintiffs from, and allege upon information and belief that at all the times in said complaint men-

tioned the defendants were and now are in possession of the premises adjoining upon the south of premises possessed by the plaintiff as aforesaid under a contract of purchase from one Lawrence Pratt and Arthur L. Soper, who are seised of said premises in fee simple absolute, and that the strip of land, which it is alleged in the complaint the defendants ousted the plaintiffs from, is a portion of the premises of which defendants are seised and possessed as aforesaid, and that the fence which it is alleged the defendants tore down was situated upon said premises."

In the third defense the defendants plead adverse possession, and in the fourth paragraph in the answer the defendants plead adverse possession of the said strip of land at the time of the deed to the plaintiffs.

Upon the trial the proof showed the line as claimed by the plaintiffs. Upon that line was an old fence, which was torn down by the plaintiffs and a new one placed thereupon. This new fence, or part thereof, at least, was torn down by the defendants, who claim that it was put over upon their land in some places four or five feet. It seems that the boundary line was through woodland and upon a side hill sloping toward the north, where plaintiffs' land was situated. In some places the fence had slipped down the hill two, three, four, or five feet, so that the old fence was not in a straight line, but was somewhat irregular. In building the new fence the plaintiffs had straightened out the crooks in the line. Under these pleadings, and upon these facts proved, the trial court dismissed the complaint, holding that the old fence had been acquiesced in for over 30 years, and was therefore the boundary line between the premises, and that the act of the defendants in tearing down that part of the new fence which was in fact upon the line was an act of trespass, and that no ouster had been shown which authorized an action of ejectment.

This ruling of the trial court can hardly be sustained in view of the pleadings. The complaint alleged an ouster by defendants from a strip of land in lot 21 which was 50 feet on one end and ran to a point upon the other, containing about six-tenths of an acre. This ouster was admitted in the answer, and the defendants claim the right to possess the same. Upon this admission, in view of the conceded facts on the trial, the plaintiffs were entitled to a judgment of ejectment, ejecting defendants from this strip of land, and the judgment of nonsuit must be reversed.

Upon the new trial, which must be ordered, the question will again arise as to the right of the plaintiffs to straighten their line in replacing the old fence with a new fence. A line acquiesced in for more than 20 years is without doubt to be deemed the boundary line between adjoining owners. If, however, by reason of the slope of the ground the fence has sagged for a few feet, failure to straighten that fence upon a side hill and through woodland can hardly be deemed such an acquiescence as will bar the right of either party to put the fence upon the undisputed legal boundary line, although the straightening of the line may vary for a few feet the line of the old fence. In other words, it cannot be that, in repairing a line fence in such country, the new fence must follow all the little irregularities of the old fence, where the line is undisputed, and where the line of the old fence has been changed by reason of the falling away of the fence by reason of the

irregularity of the ground. It is only these irregularities, however, that can be thus corrected, and only in these minor particulars can the boundary line of the fence, as acquiesced in for 20 years, be departed from.

I recommend that the judgment be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.